FILED & ENTERED

MAY 19 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>HANH HOANG,<br><br>                Debtor. | Case No.: 6:14-bk-16530-WJ<br><br>CHAPTER 13<br><br>**ORDER SETTING STATUS CONFERENCE AND DIRECTING COMPLIANCE WITH APPLICABLE LAW**<br><br>Status Conference:<br>Date:    May 28, 2014<br>Time:   11:30 a.m.<br>Crtm:   302 |

      The debtor(s) identified in the caption above ("Debtors") have filed a chapter 13 case. Pursuant to section 105(d)(1) of the Bankruptcy Code, in order to further the expeditious and economical resolution of this case, the Court hereby sets an initial status conference in this case for the date and time set forth above in the caption of this order.  The initial status conference shall occur in courtroom 302 of the United States Bankruptcy Court, Central District of California, Riverside Division at 3420 Twelfth Street, Riverside, California 92501.  The Debtors are directed to appear in person at that location on the date and time referenced above.  The Debtors are also directed to appear at any and all continued status conferences in this case.

1    The Debtors shall bring with them to the initial status conference (and any subsequent 2 continued status conferences) copies of all documents previously filed in this bankruptcy case 3 (and any additional documents filed prior to the status conference) in order to facilitate a 4 discussion regarding the case.  The Debtors should be prepared to discuss their strategy in this 5 chapter 13 case and to explain why they filed the case.  The Debtors should be prepared to 6 discuss matters related to their chapter 13 plan and the goals they hope to achieve with a chapter 7 13 plan.  Debtors should be prepared to discuss the reasons why the Debtors prefer a chapter 13 8 case instead of a chapter 7 case.

9    The Debtors are also directed to bring to the initial status conference (and any subsequent 10 continued status conferences) contact information (i.e. name, addresses, social security numbers 11 and phone numbers) for all persons who assisted the Debtors in preparing their bankruptcy 12 petition.  The Debtors shall bring to the initial status conference (and any subsequent continued 13 status conferences) copies of all checks paid to individuals who assisted in the preparation of 14 bankruptcy documents and any other documents evidencing payment of funds to individuals who 15 assisted in the preparation of bankruptcy documents.  Section 110 of the Bankruptcy Code 16 requires full disclosure of all compensation paid to persons who prepare for compensation a 17 bankruptcy petition or any other document for filing by a debtor in connection with a bankruptcy 18 case.

19    If the Debtors do not appear in person at the designated initial status conference or any 20 continued status conference or do not bring the required documents and information, the Court 21 may (1) dismiss this case with a bar to re-filing another bankruptcy case, (2) dismiss this case 22 without imposing a bar to re-filing, (3) convert the case to chapter 7, (4) continue the status 23 conference or (5) take any other appropriate action.

24    In addition, bankruptcy law requires debtors to disclose the filing of prior bankruptcy 25 cases.  If the Debtors in this case have previously filed a bankruptcy case which is not disclosed 26 in the documents they have filed with the Court, the Debtors should be prepared to demonstrate 27 at the initial status conference good cause regarding why their case should not be dismissed with 28 or without a bar to re-filing.  Absent such showing, the case may be dismissed (with or without a

1    bar to re-filing) at the initial status conference or any continued status conference pursuant to
2    11 U.S.C. §§ 1307(c), 105(a) & 349(a).  Pursuant to section 1307(c) and 105(a), the Court has
3    the power to dismiss or convert a case on its own motion. See Rosson v. Fitzgerald (In re
4    Rosson), 545 F.3d 764, 771 n.8 (9th Cir. 2008) ("Although the statute provides for conversion
5    "on request of a party . . . or the . . . trustee," 11 U.S.C. § 1307(c), there is no doubt that the
6    bankruptcy court may also convert on its own motion. See id. § 105(a) ("No provision of this
7    title providing for the raising of an issue by a party in interest shall be construed to preclude the
8    court from, sua sponte, taking any action or making any determination necessary or appropriate
9    to enforce or implement court orders or rules, or to prevent an abuse of process.").").

10        Likewise, if the Debtors in this case have previously filed one or more chapter 13 cases
11    which are disclosed but have failed due to a failure of the Debtors to file documents with the
12    Court, the Debtors should be prepared to demonstrate at the initial status conference good cause
13    regarding why this case should not be dismissed with or without a bar to re-filing.  Absent such
14    showing, the case may be dismissed (with or without a bar to re-filing) at the initial status
15    conference or any continued status conference.  The failure of prior bankruptcy cases due to the
16    failure of a debtor to file a chapter 13 plan or other documents as required under applicable law
17    often constitutes "unreasonable delay by the debtor that is prejudicial to creditors". See
18    11 U.S.C. §§ 1307(c)(1).

19        For similar reasons, if this bankruptcy case has been filed to delay an eviction, the
20    Debtors should also be prepared to demonstrate at the initial status conference good cause
21    regarding why their case should not be dismissed with or without a bar to re-filing.  Absent such
22    showing, the case may be dismissed (with or without a bar to re-filing) at the initial status
23    conference or any continued status conference.  Using a bankruptcy case to delay an eviction is
24    not appropriate. See, e.g., In re Smith, 105 B.R. 50, 53 & 55 (Bankr. C.D. Cal. 1989) (describing
25    bankruptcy cases filed to delay an eviction as "abusive" and designed to "delay improperly the
26    landlord from obtaining possession of his property.").
27
28

1          This case may also be dismissed at the initial status conference or any continued status conference if the Debtors fail to comply with the provisions of the Bankruptcy Code or the national and local bankruptcy rules governing chapter 13 cases or if other significant problems exist in the case.  For example, this case may be dismissed at the initial status conference or any continued status conference if the Debtors (1) are currently involved in another pending bankruptcy case, (2) have filed this bankruptcy case in the wrong court (either the wrong district or division), (3) have filed fraudulent schedules or other improper documents (i.e. schedules that are entirely blank or schedules that are photocopies of schedules filed in other bankruptcy cases), (4) have incurred debts in excess of the statutory limits or are otherwise not eligible for chapter 13 relief, (5) have filed schedules that demonstrate the Debtors have no income or negative net income, (6) have failed to timely file and serve the chapter 13 plan or any other required documents, (7) have filed motions that are procedurally or substantively improper, (8) have filed a prior chapter 13 case that has recently failed due to nonpayment by the Debtors of plan payments, payments to secured creditors or other defaults in the prior case or (9) have filed documents indicating any other reason that would prevent confirmation of a chapter 13 plan or the successful completion of a chapter 13 case.

          Further, the Debtors are ordered to comply with all provisions of the local bankruptcy rules, Federal Rules of Bankruptcy Procedure, the Bankruptcy Code and this court's standing order governing chapter 13 cases including, but not limited to, timely filing all required documents, providing all required documents to the trustee, appearing at their meeting of creditors and attending all confirmation hearings.  All documents must be filed, served and delivered timely.  Existing deadlines will not be changed.  In particular, but without limitation, the Debtors are ordered to appear for their meeting of creditors and their designated confirmation hearing and to take all required steps to timely confirm a chapter 13 plan at the confirmation hearing and timely comply with all applicable law governing confirmation of chapter 13 plans.

          Given the numerous requirements of applicable law governing chapter 13 plans, most chapter 13 cases fail in this district and this division.  Indeed, in the Riverside Division of the United States Bankruptcy Court for the Central District of California, the chapter 13 standing

trustee has calculated that 92% of all chapter 13 cases fail (i.e. fail to result in a confirmed and fully performed chapter 13 plan) and a very large portion fail prior to or at the initial confirmation hearing. The failure rate of 92% rises to nearly 100% for chapter 13 cases in which the debtor is not represented by an attorney. In other words, nearly every case filed by a chapter 13 debtor who does not have an attorney fails given the many requirements necessary to successfully complete a chapter 13 case.

According to the Court's own records, approximately 44% of all chapter 13 cases in this division of this district are filed in pro per and nearly 100% of these cases fail. Debtors who file the other 56% of chapter 13 cases are represented by counsel but those cases fail at the rate of approximately 86%. Only 14% of chapter 13 cases involving attorneys succeed and virtually 0% of chapter 13 cases filed by unrepresented debtors succeed. Overall, 92% of all chapter 13 cases in this division of this district fail.

As a result, the Debtors are strongly encouraged to obtain counsel. If that is impracticable, the Debtors should give careful and immediate consideration to whether they should convert to chapter 7 or to dismiss this case. Failure to comply with applicable law (i.e. the local bankruptcy rules, Federal Rules of Bankruptcy Procedure and the Bankruptcy Code) usually results in dismissal of a chapter 13 case with a bar to re-filing for 180 days. Therefore, all chapter 13 debtors should ensure that they either (1) comply with all applicable law governing chapter 13 cases or (2) convert to chapter 7 or obtain a dismissal of a chapter 13 case <u>before</u> they violate any of the local bankruptcy rules, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, this court's standing order regarding chapter 13 cases or any other provision of law. In that regard, the filing of a request or motion to dismiss or convert a chapter 13 case to chapter 7 does not immediately relieve the Debtors of their obligations in a chapter 13 case. The Debtors must continue to appear at all meetings of creditors and all hearings (including, but not limited to, all confirmation hearings) and comply with all requirements for chapter 13 unless and until the case is actually dismissed or converted to another chapter.

1       Finally, the filing of a request or motion to dismiss or convert this case or the hiring of counsel by the Debtor does not excuse the Debtors from appearing at the status conference. The status conference shall proceed regardless of whether the case is in chapter 7 or chapter 13 at the time of the conference and, therefore, the Debtors must appear to discuss their bankruptcy case. Likewise, if the Debtor hires counsel prior to the status conference, counsel is welcome to attend but the Debtor must also attend.

IT IS SO ORDERED.

###

Date: May 19, 2014

Wayne Johnson
United States Bankruptcy Judge